J-S32003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORACIO SANCHEZ, JR. | : | |
| | : | |
| Appellant | : | No. 318 MDA 2023 |

Appeal from the PCRA Order Entered February 8, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006000-2011

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED: SEPTEMBER 22, 2023**

Appellant, Oracio Sanchez, Jr., appeals *pro se* from the February 8, 2023 Order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S §§ 9541-56, as untimely.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On May 16, 2012, a jury convicted Appellant of First-Degree Murder.  The Commonwealth had argued at trial and presented evidence to support a theory that Appellant and two of his friends, one of which was Keith Vazquez, started an altercation at a party that subsequently led to Appellant shooting and killing the victim.

On July 2, 2012, the court sentenced Appellant to a term of life imprisonment without the possibility of parole.  This Court affirmed Appellant's Judgment of Sentence, and, on January 15, 2014, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  ***See Commonwealth v. Sanchez***, 82 A.3d 1070 (Pa. Super. 2013) (unpublished

memorandum), *appeal denied*, 84 A.3d 1063 (Pa. 2014). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on April 15, 2014. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

In 2014, Appellant filed a timely first PCRA petition, which failed to garner him relief. **See Commonwealth v. Sanchez**, 181 A.3d 392 (Pa. Super. 2017) (unpublished memorandum).[1]

On December 2, 2021, Appellant *pro se* filed the instant PCRA petition. Appellant claimed that, in September 2021, he learned through Joseph Alercia, a private investigator Appellant had hired, that due to an unspecified "dramatic change in circumstances," the Commonwealth had withdrawn the murder and conspiracy charges against his co-defendant, Mr. Vazquez,[2] relating to the instant homicide for insufficient evidence 13 days after Appellant's trial. Memorandum of Law in support of Subsequent PCRA, 12/2/21, at 2 (unpaginated). Appellant also claimed that he learned through the investigator that, following the withdrawal of the murder-related charges,

---

[1] Appellant also unsuccessfully sought federal *habeas* relief. **See Sanchez v. Capozza, et al**, 1:18-CV-930 (M.D. Pa. 2018).

[2] Appellant and Mr. Vazquez had joint arraignments and preliminary hearings.

Mr. Vazquez had instead pleaded guilty to possessing a weapon at his home and not at the scene of the instant crime as initially charged. Appellant asserted that evidence of Mr. Vazquez's guilty plea contradicted the Commonwealth's theory of the case and would make presentation of that theory impossible if Appellant received a new trial because it demonstrated, *inter alia*, that Mr. Vazquez did not have weapons at the crime scene and that he and Appellant did not assault the victim. *Id.* at 6-7 (unpaginated). He concluded that that this "newly discovered evidence" would have changed the outcome of his trial and that the Commonwealth had withheld it from him in violation of *Brady*.[3] PCRA Petition at 4. Appellant attached as an exhibit to the Petition: (1) an affidavit dated October 1, 2021, from the private detective stating that he obtained various records at Appellant's behest including Mr. Vazquez's guilty plea and sentencing hearing transcript; (2) a redacted version of Mr. Vazquez's criminal information; (3) the notes of testimony from Appellant's and Mr. Vazuqez's preliminary hearing; (4) a redacted copy of the transcript from Mr. Vazquez's guilty plea and sentencing hearing; and (5) the transcript of a July 1, 2011 recorded police interview of Mr. Vazquez.

Appellant acknowledged that the petition was untimely and asserted that his claim satisfied the "unknown facts" exception to the PCRA's jurisdictional time-bar. *Id.* at 2; Memorandum of Law in Support of Subsequent PCRA at 6-7 (unpaginated). He also included a Motion for PCRA

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

Discovery seeking: (1) an unredacted copy of Mr. Vazquez's guilty plea transcript; (2) Mr. Vazquez's written guilty plea colloquy; (3) the form submitted to the court by the Commonwealth when it withdrew the charges against Mr. Vazquez; (4) the motion filed to redact Mr. Vazquez's guilty plea; and (4) the motions filed to seal the case records of Appellant and Mr. Vazquez. Appellant further requested the appointment of counsel.

On September 20, 2022, Appellant filed a motion to amend his PCRA petition to include two affidavits from Mr. Vazquez, which he appended to the motion to amend. In one of the affidavits, Mr. Vazquez stated that he pleaded guilty to charges arising from his possession of a firearm found at his home that was "totally unrelated" to the instant homicide, that the Commonwealth dropped the charges against him related to instant homicide due to lack of evidence, "which [Appellant] was surprised to hear because apparently[] he was never informed of this," and that he had informed Appellant that he would have testified for him at his trial. Vazquez Affidavit, 10/31/21. Mr. Vazquez did not specify to what he would have testified.

On December 7, 2022, the PCRA court denied Appellant's motion to amend and his request for the appointment of counsel and notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 as untimely. The court noted that Appellant knew from the first day of his trial that the Commonwealth was no longer pursuing conspiracy charges with Mr. Vazquez when it withdrew, in open court and without any objection from Appellant's counsel, those charges. The court further noted that

Appellant was represented by counsel at trial, for his post-sentence motion, on direct appeal, and for his first PCRA, but Appellant did not explain why he could not have learned the purported new facts earlier with the exercise of due diligence. The court concluded, therefore, that Appellant did not satisfy the "newly-discovered facts" exception to the PCRA's jurisdiction time bar. Rule 907 Notice, 12/7/22, at 3-4 (unpaginated).

On January 24, 2023, Appellant filed a response to the court's Rule 907 notice in which he requested an evidentiary hearing on the issue of his prior knowledge that the Commonwealth had determined not to pursue charges against Mr. Vazquez. He asserted that he had raised issues of material fact and that a hearing was necessary to ascertain what his trial counsel knew about Mr. Vazquez's charges and how that information would have impacted Appellant's defense. In the response, Appellant also renewed his motion to amend his PCRA petition and for PCRA discovery.

On February 8, 2023, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely. The court explained that Appellant failed to explain why he could not have learned of Mr. Vazquez's 2012 guilty plea—which was a matter of public record—earlier. The court further explained that Appellant had not raised any issues of material fact because the details of Mr. Vazquez's guilty plea were "in no way relevant or material, let alone exculpatory," Mr. Vazquez was not a witness at Appellant's trial, and

"the evidence of Appellant's guilt was overwhelming."[4] Order 2/8/23, at 1-2. The court concluded that "[a]s a result, the fact that the charges against [Mr.] Vazquez which related to the shooting in this case were withdrawn is of no moment."[5] *Id.* at 2.

This *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.      Did the PCRA [c]ourt err in denying Appellant's second PCRA petition based on newly[-]discovered evidence and a due process **Brady** violation as untimely without a hearing despite the fact that a hearing was required to determine the timeliness of the second PCRA petition?

II.     Did the PCRA [c]ourt err in denying Appellant's motion to amend his PCRA [p]etition where an amendment would have assisted Appellant in proving that his second PCRA petition was timely?

III.    Did the PCRA [c]ourt err in denying Appellant's motion for discovery under Pa.R.Crim.P. 903(E)(1) where discovery would have assisted Appellant in proving that his second PCRA petition was timely?

IV.     Did the PCRA [c]ourt err in denying Appellant's motion for appointment of counsel where counsel would have assisted Appellant in proving that his second PCRA petition was

_____

[4] The court observed that "eyewitnesses to the incident were unanimous that [Appellant] was the shooter, and that he shot the victim in the back as the victim was leaving the scene of the altercation." Order, 2/8/23, at 2 (unpaginated) (citation and internal quotation marks omitted).

[5] The PCRA court also denied Appellant's renewed motion to amend because Appellant's petition was patently untimely and for discovery because Appellant failed to demonstrate the existence of any exceptional circumstances. *Id.* at 2-3.

> timely and the appointment of counsel was in the interest of justice?

Appellant's Brief at 3.

**A.**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

As stated above, the PCRA court found that Appellant did not timely file his petition, and he failed to prove the applicability of the "newly-discovered facts" exception to the PCRA's time bar.

The timeliness exception for newly-discovered facts requires Appellant to plead and prove "the facts upon which the claim is were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that the exception set forth in Section 9545(b)(1)(ii) "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**." *Id.* at 1272 (internal quotation marks omitted) (citing 42 Pa.C.S. § 9545(b)(1)(ii)). "If the petitioner alleges and proves these

two components, then the PCRA court has jurisdiction over the claim under this subsection." *Id.*

This Court has interpreted Section 9545(b)(1)(ii) as mandating that "there be some relationship between" the newly-discovered facts and the claims asserted by the petitioner. *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018).[6] To explain this requisite nexus, the Court has observed that a petitioner cannot satisfy the newly-discovered fact exception by claiming that he recently discovered that the "the Houston Astros won the 2017 World Series" without showing how this fact matters in regard to the claim he asserts in his PCRA. *Commonwealth v. Robinson*, 185 A.3d 1055, 1061-62 (Pa. Super. 2018) (*en banc*).

**B.**

In his first issue, Appellant claims that the PCRA court erred in concluding that he had not established the applicability of the PCRA's "newly-

---

[6] In *Shannon*, this Court relied upon the Supreme Court's expressions in *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017). *Shannon*, 184 A.3d at 1017. In more recent decisions, the Supreme Court has divided evenly in defining the contours of the requisite relationship between the asserted newly-discovered fact and the claim presented. *Compare Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021) (Mundy, J., Opinion in Support of Affirmance ("OISA")) ("While the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim."), *with id.* at 1201 (Wecht, J., Opinion in Support of Reversal) (faulting the OISA for "effectively impos[ing] a heightened nexus requirement by engaging in a merits-based inquiry under the guise of a timeliness analysis"); *see also Commonwealth v. Robinson*, 204 A.3d 326 (Pa. 2018). Absent binding guidance, we apply this Court's precedent in *Shannon*.

discovered facts" exception to the PCRA's jurisdictional time-bar. Appellant's Brief at 14-29. In particular, he argues that the court's conclusion that Appellant and his counsel knew that the "Commonwealth intended to exonerate [Mr. Vazquez] of all the crimes" related to the homicide "based on the fact that the conspiracy charges and the firearms charge were withdrawn at the beginning of trial" was erroneous and based on mere speculation, because without holding a hearing, the PCRA court could not have known what Appellant and his counsel actually knew. *Id.* at 17-20. He further argues that this conclusion was, in fact, "illogical" given that the Commonwealth proceeded to present at trial a theory that Mr. Vazquez and Appellant acted together to commit the charged crimes. *Id.* at 19. Appellant complains that "the scenario the PCRA court has conjured up gets the Commonwealth off the hook for failing to notify the defense that it planned on withdrawing the charges against [Mr. Vazquez], [and] it simultaneously implicates Appellant's trial attorney as massively ineffective for his complicity with the Commonwealth's deprivation of Appellant's [constitutional rights to a fair trial and due process of law.]" *Id.* at 20.

Here, the PCRA court determined that the purported new facts were known to Appellant as early as the first day of his trial when the Commonwealth withdrew the conspiracy charges and, because Mr. Vazquez's guilty plea was a matter of public record, and Appellant was represented by counsel at trial, on direct appeal, and for his first PCRA, he could have been discovered them with due diligence. The PCRA court further noted that

Appellant did not explain why he could not have learned of Mr. Vazquez's plea earlier with the exercise of due diligence.

The record supports the PCRA court's findings. It is undisputed that Appellant and his counsel were present in court when the Commonwealth withdrew the conspiracy charges against Appellant. Thus, the fact that the Commonwealth was no longer pursing Mr. Vazquez as a co-conspirator was known to Appellant as early as 2012 and is, therefore, not a newly-discovered fact. Even if it were a new fact, the record also supports the PCRA court's finding that Appellant has not explained why he was unable to discover it earlier with due diligence. In fact, Appellant concedes that he waited until after he had exhausted his state and federal appellate rights to hire a private investigator to conduct further investigation. Appellant's Brief at 27. Accordingly, the PCRA court's conclusion that Appellant failed to satisfy the "newly-discovered facts" exception to the PCRA's time bar contains no legal

error.[7]   Both the PCRA court and this Court are, thus, without jurisdiction to

consider the issues raised by Appellant.[8, 9, 10]

_____

[7] Moreover, the record supports the court's conclusion that the fact that the Commonwealth withdrew charges against Mr. Vazquez for insufficient evidence and that Mr. Vazquez pleaded guilty to an unrelated firearms charge is not relevant to Appellant's case because Mr. Vazquez did not testify at Appellant's trial and four separate eyewitnesses testified identifying Appellant as the shooter.  Therefore, Appellant did not demonstrate any nexus between the purported new facts and his PCRA claim.

[8] Because Appellant's petition was untimely, the PCRA court did not err in denying Appellant's motion to amend his petition.  ***See Commonwealth v. Flanagan***, 854 A.2d 489, 499 (Pa. 2004) (explaining that "PCRA courts are vested with the discretion to permit amendments to a pending **timely-filed** PCRA petition") (emphasis added).  Likewise, Appellant is not entitled to relief on his claim that the PCRA court should have appointed him counsel or granted his motion for discovery.

[9] Appellant also asserts that, because he is *pro se*, the PCRA court erred in relying on the fact that Mr. Vazquez's guilty plea was public record to conclude that Appellant knew or should have known of it.  Appellant's Brief at 22 (citing ***Commonwealth v. Smalls***, 238 A.3d 1267, 1283 (Pa. 2020) (holding that "[t]he presumption that information which is of public record cannot be 'unknown' for purposes of Section 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners") (citation omitted).  Because we have concluded that the record supports the PCRA court's determination that the disposition of the charges against Mr. Vazquez was not a "new fact," we need not address this alternate claim.

[10] To the extent that Appellant also claims that he has overcome the PCRA's time-bar because the Commonwealth purportedly violated ***Brady***, our review of Appellant's Brief reveals that his argument in support of this claim is woefully underdeveloped.  In his two-sentence argument, Appellant states: "[t]he duty to disclose under ***Brady*** is absolute *it does not depend on defense counsel's actions*.  Consequently, the defense is entitled to presume that the prosecutors have discharged their official duties by sharing all material exculpatory information in their possession, and the defense's diligence in seeking out exculpatory material on its own plays no role in the ***Brady*** analysis."  Appellant's Brief at 26 (emphasis in original).  We will not act as
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023

---

counsel and will not develop Appellant's arguments for him. ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010). ***See also Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009) (explaining that it is not the role of an appellate court to develop an appellant's argument where the brief provides mere cursory legal discussion). Because Appellant has failed to develop the argument in support of this claim, we consider it waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006).